1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   LONNIE CHARLES BROWN,                    1:13-cv-00077-GSA-PC

12            Plaintiff,                       ORDER DENYING MOTION FOR
                                               RECONSIDERATION AND MOTION FOR
13       vs.                                   PRELIMINARY INJUNCTIVE RELIEF
                                               (Doc. 11.)
14   MATTHEW CATES, et al.,

15            Defendants,

16

17

18   **I.      BACKGROUND**

19       Lonnie Charles Brown ("Plaintiff") is a state prisoner proceeding pro se with this civil

20   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

21   action on January 16, 2013.  (Doc. 1.)

22       On February 19, 2013, Plaintiff consented to the jurisdiction of a Magistrate Judge

23   under 28 U.S.C. § 636(c), and no other parties have appeared.  (Doc. 6.)  Therefore, pursuant to

24   Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall

25   conduct any and all proceedings in the case until such time as reassignment to a District Judge

26   is required.  Local Rule Appendix A(k)(3).

27       On April 8, 2013, Plaintiff filed a motion titled "Emergency Power Motion Pro Forma,"

28   in which he requested reconsideration of the court's order denying appointment of counsel, and

1    requested preliminary injunctive relief.  (Doc. 11.)  Plaintiff's motions are now before the

2    Court.

3    **II.      MOTION FOR RECONSIDERATION**

4          The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42

5    F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th

6    Cir. 1992).  Motions to reconsider are committed to the discretion of the trial court.  Combs v.

7    Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460

8    (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly

9    convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist.

10   v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in

11   part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration,

12   Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed

13   to exist which did not exist or were not shown upon such prior motion, or what other grounds

14   exist for the motion."  L.R. 230(j).

15         Plaintiff requests reconsideration of the Court's order issued on March 14, 2013,

16   denying Plaintiff's motion for appointment of counsel.  (Doc. 10.)  Plaintiff fails to show, and

17   the Court does not find, any new or different facts or circumstances, or other grounds for the

18   Court to grant the motion.  Therefore, the motion for reconsideration shall be denied.

19   **III.     MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

20         "A preliminary injunction is an extraordinary remedy never awarded as of right."

21   Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation

22   omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to

23   succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

24   relief, that the balance of equities tips in his favor, and that an injunction is in the public

25   interest."  Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear*

26   *showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

27         Federal courts are courts of limited jurisdiction and in considering a request for

28   preliminary injunctive relief, the Court is bound by the requirement that as a preliminary

matter, it have before it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  <u>Id.</u>  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order prohibiting prison officials at Pelican Bay State Prison from transferring him "back to Corcoran or within any institution of that vicinity", due to the hostile environment there.  Motion, Doc. 11 at 1:12-14.  The order requested by Plaintiff would not remedy any of the claims upon which this action proceeds.  This action is proceeding against officials at Corcoran State Prison (CSP) for subjecting him to adverse conditions of confinement, based on events occurring at CSP before he filed this action on January 16, 2013.  Plaintiff now requests a court order protecting him from present and future actions.  Because such an order would not remedy any of the claims upon which this action proceeds, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

## IV.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for reconsideration is DENIED; and

2.      Plaintiff's motion for preliminary injunctive relief is DENIED.

IT IS SO ORDERED.

Dated:   **April 13, 2013**                                  **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28