1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE CHARLES BROWN,<br><br>              Plaintiff,<br><br>       vs.<br><br>MATTHEW CATES, et al.,<br><br>              Defendants, | 1:13-cv-00077-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br>(Doc. 11.) |

## I.     BACKGROUND

Lonnie Charles Brown ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 16, 2013.  (Doc. 1.)

On February 19, 2013, Plaintiff consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c), and no other parties have appeared.  (Doc. 6.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On April 8, 2013, Plaintiff filed a motion titled "Emergency Power Motion Pro Forma," in which he requested reconsideration of the court's order denying appointment of counsel, and

requested preliminary injunctive relief.  (Doc. 11.)  Plaintiff's motions are now before the Court.

## II.   MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order.  <u>Barber v. Hawaii</u>, 42 F.3d 1185, 1198 (9th Cir. 1994); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir. 1992).  Motions to reconsider are committed to the discretion of the trial court.  <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  <u>See</u> <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  L.R. 230(j).

Plaintiff requests reconsideration of the Court's order issued on March 14, 2013, denying Plaintiff's motion for appointment of counsel.  (Doc. 10.)  Plaintiff fails to show, and the Court does not find, any new or different facts or circumstances, or other grounds for the Court to grant the motion.  Therefore, the motion for reconsideration shall be denied.

## III.   MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  <u>Id.</u> at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  <u>Id.</u> at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary

matter, it have before it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  <u>Id.</u>  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order prohibiting prison officials at Pelican Bay State Prison from transferring him "back to Corcoran or within any institution of that vicinity", due to the hostile environment there.  Motion, Doc. 11 at 1:12-14.  The order requested by Plaintiff would not remedy any of the claims upon which this action proceeds.  This action is proceeding against officials at Corcoran State Prison (CSP) for subjecting him to adverse conditions of confinement, based on events occurring at CSP before he filed this action on January 16, 2013.  Plaintiff now requests a court order protecting him from present and future actions.  Because such an order would not remedy any of the claims upon which this action proceeds, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

## IV.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion for reconsideration is DENIED; and

2.    Plaintiff's motion for preliminary injunctive relief is DENIED.

IT IS SO ORDERED.

Dated:   **April 13, 2013**                    **/s/ Gary S. Austin**

3

UNITED STATES MAGISTRATE JUDGE