UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE CHARLES BROWN,<br><br>           Plaintiff,<br><br>      vs.<br><br>MATTHEW CATES, et al.,<br><br>           Defendants. | 1:13-cv-00077-GSA-PC<br><br>ORDER DENYING MOTION TO BRING WITNESS TO COURT, WITHOUT PREJUDICE<br>(Doc. 14.)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 15.) |

**I.      BACKGROUND**

Lonnie Charles Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 16, 2013. (Doc. 1.) On December 19, 2013, Plaintiff consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. 636(c), and no other parties have made an appearance. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

///

///

On May 13, 2013, Plaintiff filed a motion for his witness, Linda Lubkin, to appear in court. (Doc. 14.) Plaintiff also filed a motion for reconsideration of the court's order of April 15, 2013, which denied Plaintiff's motion for preliminary injunctive relief. (Doc. 15.)

## II.     MOTION FOR WITNESS TO APPEAR IN COURT

Plaintiff requests the court to call his witness, Linda Lubkin, to appear in court to testify in this action.

It is premature to schedule witnesses in this action. Plaintiff's complaint has not been served upon defendants, and no defendant has appeared in this action. Therefore, Plaintiff's motion shall be denied, without prejudice to renewing the motion at a later stage of the proceedings.

## III.    MOTION FOR RECONSIDERATION

### A.     Legal Standard

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

### B.     Plaintiff's Motion

Plaintiff argues that the court should reconsider its order entered on April 15, 2013, which denied his motion for preliminary injunctive relief. However, Plaintiff fails to set forth any facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the court to call his witness to testify, filed on May 13, 2013, is DENIED as premature, without prejudice; and
2. Plaintiff's motion for reconsideration, filed on May 13, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **October 11, 2013**                              **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE