UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE CHARLES BROWN,<br>Plaintiff,<br>vs.<br>MATTHEW CATE, et al.,<br>Defendants. | 1:13-cv-00077-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 20.) |

Lonnie Charles Brown ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 6, 2013. (Doc. 1.)

On February 19, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 3.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On May 8, 2014, the court issued an order dismissing Plaintiff's Complaint for failure to state a claim, with leave to file an amended complaint within thirty days. (Doc. 17.) The thirty-day deadline expired, and Plaintiff failed to comply with the order or otherwise respond to the order. (Court Record.) On June 18, 2014, the undersigned issued an order dismissing

this action for failure to state a claim, and the court entered judgment, closing this case. (Docs. 18, 19.) On July 14, 2014, Plaintiff filed a motion for reconsideration of the dismissal order and judgment. (Doc. 20.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**Plaintiff's Motion**

Plaintiff requests reconsideration of the court's order dismissing this case, asserting that he was unable to comply with the court's May 8, 2014 order because the order was stolen from his cell by correctional officers. Plaintiff claims that he "previously composed a notice to your

Eastern District Court requesting a reissue of that order as well as a[n] extended time for reply in accordence (*sic*) to your order." (Doc. 20 at 1:14-18.)

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Taking as true Plaintiff's assertions in the motion for reconsideration, Plaintiff did not use due diligence in responding to the court's order of May 8, 2014. Plaintiff acknowledges that he received the court's order and knew that he had a court deadline to comply with the order. Plaintiff also asserts that he prepared a request for the court to provide him with another copy of the order, and for an extension of time to comply with the order. However, Plaintiff does not assert that he mailed the request to the court, and the court has no record of receipt of such request. For these reasons, Plaintiff's motion for reconsideration shall be denied.

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on July 14, 2014, is DENIED.

IT IS SO ORDERED.

Dated: **July 25, 2014**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE